Argued January 26, affirmed February 24, 1972

PECK ET AL, *Respondents, v.* LEE ET AL, *Appellants.*

493 P2d 1375

*Mark McCulloch,* Portland, argued the cause and filed a brief for appellants.

*Gary M. Bullock,* Portland, argued the cause for respondents. With him on the brief was Paul Gerhardt, Portland.

DENECKE, J.

The plaintiffs recovered a judgment for architectural fees, and defendants appeal. There is no transcript of testimony. Defendants contend that two exhibits which are in the record establish that they are entitled to a judgment as a matter of law.

An agreement signed by all parties provided, in part:

"In the event that the venture is not successful in receiving a contract for the project, the fee due and payable to the architects shall be at the hourly rate shown above. However, upon receipt of written proof that no fee is due and payable under like circumstances between Pioneer Development, Owner, and Robert Price, Architect, in the contractual agreement for the King County Housing Authority 45 Townhouse units for Family Housing Project, Auburn, Washington, plans dated January 12, 1970, said fee shall be waived and no fee charged for work completed for said submittal."

Defendants introduced a letter signed by Pioneer Development that under like circumstances no fee is payable to Robert Price in the contractual agreement for the family housing project, Auburn, Washington. These are the two exhibits relied upon by the defendants.

A deposition of Robert Price was received and is part of the record. Price therein contradicted the letter signed by Pioneer Development and testified that he was to receive a fee.

The trial court, sitting without a jury, construed "written proof" as used in the agreement as meaning that the defendant had to prove in writing that no fee was to be paid and that the trier of fact could find, as the trial court did, that the letter, particularly in light

of Price's deposition, did not conclusively prove that no fee was to be paid.

The record before us substantiates the trial court's finding, and even if it did not, we could not reverse its finding because we do not have before us the entire evidence presented to the trial court.

Affirmed.

McALLISTER, J., concurring.

I concur in the result of the majority opinion on the sole ground that the record on appeal provides no basis for a review of the findings of the trial court.